UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THOMAS E. HARRIS,

    Plaintiff,

v.                                    CAUSE NO. 3:18CV358-PPS/MGG

INDIANA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

OPINION AND ORDER

Thomas E. Harris, a prisoner without a lawyer, filed a complaint alleging that he was injured while performing his work duties at Westville Correctional Facility's Kamps Pallet Shop, for Pen Products. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On December 20, 2016, Harris was building a pallet at the Westville Correctional Facility for Pen Products' Kamps Pallet Shop, where he was employed. A nail ricocheted off the wood and seriously injured Harris' eye. He spent four days in the hospital and is now blind in that eye as a result of the injury. His complaint names three

defendants: the Indiana Department of Correction, Pen Products (Kamps Pallet Shop), and Corizon Medical.

As an initial matter, the IDOC is a State agency and is immune from suit pursuant to the Eleventh Amendment. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). I find that these exceptions do not apply here, so he cannot state a claim against the IDOC. Likewise, Pen Products, a division of the Indiana Department of Correction created pursuant to Indiana Code § 11-10-6-2, is immune from suit in federal court. https://www.in.gov/idoc/penindustries/2566.htm (last visited Aug. 10, 2018). While Harris may not proceed against either the IDOC or Pen Products, if any individual employed by the IDOC or Pen Products was deliberately indifferent to Harris' safety, he may be able to state a claim against that individual.

Because Harris has sued "Pen Products (Kamps Pallet Shop)," it is unclear if he intended to sue only Pen Products or both Pen Products and Kamps Pallet Shop. What is clear is that the current complaint does not state a claim under 42 U.S.C. § 1983. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under

2

color of state law." *Savory v. Lyons,* 469 F.3d 667, 670 (7th Cir. 2006). Harris alleges that safety goggles would have prevented his injury, and the pallet shop should have provided him with safety goggles instead of mere safety glasses. To proceed on an Eighth Amendment claim, an inmate must allege that the defendants acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Mere negligence does not violate the Constitution. *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004). "[N]ot every deviation from ideally safe conditions constitutes a violation of the constitution." *French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1985) (quotation marks and citations omitted.) The allegations here suggest that Pen Products and Kamps Pallet Shop may have been negligent, but do not suggest that they were deliberately indifferent to his safety. While Harris has not plausibly alleged a constitutional violation and I cannot permit him to proceed on this claim, he will have an opportunity to amend his complaint.

Harris also alleges that his medical care was deficient following his return from the hospital. More specifically, he was forced to go without his medication on two occasions, causing an additional hospital stay and contributing to his poor treatment outcome. He has sued Corizon, the provider of medical care at the Westville Correctional Facility, but Corizon cannot be held liable for damages under § 1983 unless a policy or custom caused the alleged constitutional violation. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). Harris has not alleged that the deficiencies in his medical care were due to Corizon's policy or custom. Therefore, I cannot permit him to proceed against Corizon. However, as with his claims against the IDOC and Pen

3

Products, if individuals personally involved in providing Harris with medical care were deliberately indifferent to his needs, he may be able to pursue claims against them.

While the current complaint does not state a claim, Harris will be afforded an opportunity to replead his claims. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

ACCORDINGLY, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint (INND Rev. 8/16) and send it to Thomas E. Harris;

(2) GRANTS Thomas E. Harris until **September 13, 2018**, to file an amended complaint on that form; and

(3) CAUTIONS Thomas E. Harris that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on August 10, 2018.

\_\_\_/s/ Philip P. Simon_____
JUDGE
UNITED STATES DISTRICT COURT